STATE EX REL. SLENKER *v.* BURCH, AUDITOR OF STATE.

[No. 28,432.   Filed November 20, 1948.]

*Arch N. Bobbitt,* and *Schortemeier, Eby,* and *Wood,* all of Indianapolis, attorneys for appellant.

*Albert Ward, Palmer K. Ward, Arthur L. Gilliom, Robert D. Armstrong, Elbert R. Gilliom,* all of Indianapolis, attorneys for appellee.

EMMERT, J.—This is an appeal from a judgment of the trial court for the Appellee, Alvan V. Burch, as ·Auditor of the State of Indiana, in an. action in which the relator, Glenn R. Slenker, sought to mandate the auditor to issue his warrants for the salary of the relator as public counselor. The facts were all stipulated, and as pertinent to the issues, show that the relator has been a practicing attorney, and duly admitted to practice in this state since 1920; that on the 13th day of March, 1945, the relator was appointed by the Governor of the State of Indiana to the position of public counselor, for a term of four years·commencing April 1, 1945, to serve at the pleasure of the Governor and until his successor was appointed and qualified. The salary was fixed by the Governor in the sum of $6,000 per year.

At the general election in November, 1946, the relator was elected a member of the House of Representatives of the General Assembly. On January 8, 1947, relator executed and filed with the Governor his written resignation as public counselor, which was accepted by the Governor on that date. The next day, on the first day of the 85th regular session of the General Assembly, the relator qualified and took the oath as a member, for which he received his salary of $1,200 for the year 1947, in two payments of $600 each, on January 15th and February 15th, 1947. On January 15, 1948, the auditor mailed to the relator a

warrant for the sum of $300 as payment of salary of a member of the General Assembly for the first quarter of 1948, which warrant was not accepted by relator, and was returned to the auditor.

On March 18, 1947, the relator executed and filed with the Governor his written resignation as a member of the General Assembly, effective on said date, which resignation was accepted by the Governor. Thereupon, on March 22, 1947, the Governor reappointed the relator as public counselor to fill the unexpired portion of the term to which relator had been appointed on March 13, 1945.

Thereupon relator resumed performance of the functions of public counselor, and asserts he is entitled to the compensation fixed for said position from March 22, 1947, but the auditor, after proper demand, has refused to pay any of said salary for public counselor since said date.

The main issues involved in this appeal were decided in the case of *State ex rel. Black, et al.* v. *Burch, Auditor, ante* p. 445, 80 N. E. 2d 294, 81 N. E. 2d 850, in the opinions on the petition for rehearing. All members of the court were in agreement that a member of the Legislature had a right to resign, but the writer of this opinion dissented on other issues. However, since the other members of the court feel that the remedy of the relator Slenker is in the Superior Court of Marion County under § 4-1501, Burns' 1946 Replacement, (Acts 1889, ch. 128, § 1, p. 265; 1895, ch. 112, § 1, p. 231), this opinion is written in conformity with that decision. It is unnecessary to decide whether or not relator Slenker was a public officer or mere employee of the state. He had the right to resign as a member of the House of Representatives, and he had the right to resign as public counselor. See opinions

on petition for rehearing *State ex rel. Black* v. *Burch, Auditor, supra.*

The relator was prepaid as a member of the House of Representatives for part of the year 1947, the amount of the prepayment to be computed by prorating the salary prepaid at the time of his resignation as a member of the House on March 18, 1947. The relator's remedy for his unpaid salary as public counselor is by proper action against the State of Indiana in the Superior Court of Marion County, in which action the state may plead such set-offs as may be available.

Judgment affirmed.

NOTE.—Reported in 82 N. E. 2d 258.